## Gill's Petition.

*Bail—Cash—Cash deposited in support of recognizances—Right of surety to recover—Interest on cash deposit—Act of May 12, 1921.*

1. Upon the indictment of three defendants in the Court of Quarter Sessions, a non-resident was offered as surety on their several recognizances for appearances for trial. The court refused to accept such surety, and thereupon the surety offered to deposit cash in the amount of the several recognizances in order to make his recognizances satisfactory to the court. This was allowed. The defendants were tried: *Held*, that the surety was entitled to receive back the cash so deposited without deduction of the costs of the cases or of a fine imposed by the court on one of the defendants, but without interest.

2. The clerk of the court is entitled to deduct the commissions allowed him by the Act of May 12, 1921, P. L. 548, even though the money was deposited by him in a bank not approved for such deposits and which has, since the deposit was made, been declared insolvent.

Petition for return of money deposited in court. Q. S. York Co., Aug. Sess., 1922, No. 27.

*Harvey A. Gross*, for petition; *James G. Glessner*, contra.

Ross, J., Dec. 29, 1924.—On Sept. 15, 1924, a petition was presented to this court by John Gill, representing that:

Gill's Petition.

"On Aug. 28, 1922, a true bill of indictment was found by the grand jury in the Court of Quarter Sessions of the Peace of said county, to No. 27, August Sessions, 1922, wherein William T. Sprenkle, M. W. Wallace, Charles Shultz and Eugene Onney were jointly charged with assault and battery, aggravated assault and battery and felonious assault.

"On Aug. 31, 1922, the above case was continued, with the consent of said court, to October Sessions of said court," and that "by reason of the continuance of said case, the said court required the said M. W. Wallace, Charles Shultz and Eugene Onney, defendants, to enter into a recognizance in the sum of five hundred ($500) dollars each for their appearance at said October Sessions of court.

"In open court on Sept. 2, 1922, the said M. W. Wallace, Charles Shultz and Eugene Onney, being personally present in court, offered to enter into the recognizances aforesaid, as required by said court, and offered as surety on each recognizance your petitioner (John Gill), who, being a non-resident of said York County, was not accepted by said court, whereupon your petitioner offered to said court, at bar in open court, to deposit with the clerk of said court the sum of fifteen hundred ($1500) dollars, in current funds of the United States, as additional cash bail if said court would accept your petitioner as surety on the recognizance of each of said three defendants in the aforesaid sum of five hundred dollars; whereupon your petitioner was accepted as surety on the bonds of said three defendants, and your petitioner deposited with Purd R. Smith, then clerk of said court, the sum of fifteen hundred ($1500) dollars in current funds of the United States.

"On Sept. 2, 1922, in accordance with said arrangement as made at bar in open court, . . . your petitioner did sign his name to and become surety on the recognizance of said M. W. Wallace, the same being found in Recognizance Book No. 24, page 334; and did sign his name to and become surety on the recognizance of said Charles Shultz, the same being found in Recognizance Book No. 24, page 335; and did sign his name to and become surety on the recognizance of said Eugene Onney, the same being found in Recognizance Book No. 24, page 337. Said Recognizance Book being found among the records in the office of the clerk of the courts of said county.

"On Oct. 27, 1922, the prosecution aforesaid, with the consent of said court, was again continued to January Sessions, 1923, then and there being held on the first Monday of January, being the first day of January, 1923, and the three defendants aforesaid were again required to renew their aforesaid recognizances for their appearances at said January Term of court.

"Your petitioner was again permitted by said court to become surety on the several recognizances of said three defendants in the same amount as had been previously required for their appearance at the January Sessions of court, and the moneys aforesaid deposited by your petitioner were permitted to remain with the clerk of said court as additional security on said recognizances.

"The recognizances entered by said three defendants are found in Recognizance Book No. 24 aforesaid, on pages 373, 374 and 375, and are in the sum of five hundred ($500) dollars each, as required by said court, with your petitioner's signature as surety thereon.

"On Jan. 1, 1923, the prosecution aforesaid, with the consent of said court, was again continued to April Sessions, 1923, then and there being held on the third Monday of April, being the 16th day of April, 1923, and the three defendants aforesaid were again required to renew their aforesaid recognizances for their appearances at said April Term of court.

Gill's Petition.

"Your petitioner was again permitted by said court to become surety on the several recognizances of said three defendants in the same amount as had been previously required for their appearance at the April Sessions of court, and the moneys aforesaid deposited by your petitioner were permitted to remain with the clerk of said court as additional security on said recognizances.

"The recognizances entered by the said three defendants are found in Recognizance Book No. 25, on pages 37, 38 and 39, and are in the sum of five hundred ($500) dollars each, as required by said court, with your petitioner's signature as surety thereon.

"On April 18, 1923, the prosecution aforesaid, with the consent of said court, was again continued to August Sessions, 1923, then and there being held on the fourth Monday of August, being the 27th day of August, 1923, and the three defendants aforesaid were again required to renew their aforesaid recognizances for their appearances at said August Term of court.

"Your petitioner was again permitted by said court to become surety on the several recognizances of said three defendants in the same amount as had been previously required for their appearance at the August Sessions of court, and the moneys aforesaid deposited by your petitioner were permitted to remain with the clerk of said court as additional security on said recognizances.

"The recognizances entered by the said three defendants are found in Recognizance Book No. 25, on pages 101, 102 and 103, and are in the sum of five hundred ($500) dollars each, as required by said court, with your petitioner's signature as surety thereon.

"On Aug. 27, 1923, said prosecution was tried in said court, and the said William T. Sprenkel. M. W. Wallace and Eugene Onney were acquitted and the said Charles Shultz was found guilty in manner and form as he stood indicted.

"On Aug. 28, 1923, said court, per Ross, Judge, sentenced the said Charles Shultz to serve a term of six months in the county jail, pay a fine of ten ($10) dollars and pay the costs of prosecution, and that he stand committed until the sentence be complied with, but that upon payment of the costs and the fine within a period of ninety days, or giving security to pay the same in ninety days from the above date, the sentence of imprisonment is suspended."

The petition further avers "that the said M. W. Wallace, Charles Shultz and Eugene Onney, by appearing in said court for trial on Aug. 28, 1923, have fully complied with all the terms and conditions of their several recognizances into which they had entered for their appearances at the several terms of said court, and that your petitioner has been fully discharged of and from all liability as surety on said several recognizances."

The petition further avers "that neither the said M. W. Wallace, Charles Shultz and Eugene Onney, or either of them, are interested directly or indirectly in the fifteen hundred ($1500) dollars deposited as aforesaid, and that no part of said moneys belongs to either of said defendants, but that all of said moneys belong to your petitioner and are his own private property."

The prayer of the petition is that this court "order and direct the said Purd R. Smith, then clerk of said court, to forthwith pay to your petitioner the aforesaid sum of fifteen hundred ($1500) dollars, together with all interest or income which the same may have earned in the meantime, less his commissions for receiving and paying out said moneys, as required by the Act of General Assembly of May 12, 1921, P. L. 548."

To this petition, Purd R. Smith, through his counsel, James G. Glessner, Esq., filed a demurrer on Sept. 22, 1924. The demurrer stated that John Gill, the petitioner, was not one of the defendants in the recognizance mentioned

Gill's Petition.

in the petition; that the Act of May 12, 1921, P. L. 548, regarded the moneys deposited with the said clerk of the courts in said cases as money of the defendants, and avers that the records show that Charles Shultz, one of the defendants, who was sentenced on Aug. 28, 1923, "to serve a term of six months in the county jail, pay a fine of $10 and pay the costs of prosecution, and that he stand committed until the sentence be complied with, but that on payment of the costs and fine within a period of ninety days, or giving security for the payment of the same within ninety days from that date, the sentence is suspended," has not complied with the said sentence, in that he has not given security for the payment of said costs within ninety days, nor has he paid the said costs, the money so deposited as bail for said Charles Shultz is subject to a deduction of the sum of $512.35, amount of costs unpaid.

The demurrer further states that Purd R. Smith had deposited the money in the City Bank of York, Pennsylvania, on the day on which the same was paid into this court, to wit, Sept. 2, 1922, and it remained in said bank until the said bank was declared insolvent and was liquidated by the Banking Commissioner of the State of Pennsylvania; that said liquidation is not completed and that the said moneys have not been paid out as yet by the State Banking Commissioner; therefore, the respondent is unable to comply with the order of the court or the request of said petitioner, and asks that the petition be dismissed, at the costs of the petitioner.

No depositions were taken in support of either the petition or the demurrer, and the court is left to stand upon the facts as they appear in the indictment, the petition and the demurrer.

The facts stated in the opinion, not denied but practically admitted in the demurrer, show that the money paid was not paid in lieu of security, but as additional support for the petitioner, who had bailed the defendants charged with crime for their appearance at subsequent courts. It was not taken in lieu of proper bail upon the recognizances, but as a further guarantee, for the reason that the petitioner, acting as surety on the recognizances, was a non-resident of the county. The terms of the recognizances clearly show that the duty of the surety on the recognizances was to produce the body or the person of the party charged with the crime, who was directed to give proper recognizance for his appearance at the subsequent terms of court. This he did, and the party so charged with the crime was convicted of the crime and received his sentence.

We believe that the terms of the recognizance were complied with by John Gill, who acted as surety for the accused on his recognizance, and the money placed with the clerk, with the consent of the court, should be returned to him because the requirements of the recognizance have been completely fulfilled. The cash deposited under the Act of May 12, 1921, P. L. 548, was not in lieu of other bail, but was in addition to the other bail, because the person, John Gill, acting as bail, resided out of the County of York, out of the jurisdiction of this court, and it was not deposited in place or stead of proper surety, but to support the proper surety on the recognizance. That recognizance was a recognizance to appear and answer to the charge preferred, and nothing more. The defendant was not the owner of the money deposited, but it was made plain in court that the money deposited was the money of the surety on the recognizance because he was not a citizen in the district judicially supervised by this court.

We think, therefore, that the petitioner, who was the owner of the money, as was plainly shown at the time the money was deposited, is entitled to have the cash deposited with the clerk of the courts returned to him as prayed for.

Gill's Petition.

We do not, however, agree with the petitioner that interest is due upon the money so deposited, for the reason that it is obvious that the clerk of the courts, being confused by the circumstances of the case, sought legal counsel, who evidently advised a retention of the money until a decision of the court is rendered.  The money was simply a deposit and is not entitled to bear interest.  There is no other reason offered why the clerk should forfeit the commissions allowed him by the act of assembly than the statement that the clerk deposited the money in a bank not authorized by law, namely, a trust company or national bank.  This is deemed by the court now sitting as an inadvertence on the part of the clerk, probably caused, under stress of business, by the court neglecting, at the time the money was paid, to direct the clerk what depository to select for the deposit of the cash, as the act requires.  We think, therefore, that the request of the petitioner, asking to have the commissions allowed by law deducted from the money, should be refused.

And now, Dec. 29, 1924, it is ordered that Purd R. Smith turn over to the petitioner the amount of money deposited with him as additional security for the appearance of M. W. Wallace, Charles Shultz and Eugene Onney, without any accumulated interest, but deducting from the said amount the legal commissions which the act of assembly allows him for its custody.

From Richard E. Cochran, York, Pa.